# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| SEAN MICHAEL GADDIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV410-294 |
| STATE OF GEORGIA, SARA REVEL, *Warden*, et al., | ) ) ) | |
| Respondents. | ) ) | |

## REPORT AND RECOMMENDATION

Sean Michael Gaddis has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He also moves to proceed *in forma pauperis*, which the Court grants for jurisdictional purposes only. (Doc. 2.) The case, however, should be dismissed, since Gaddis has failed to state a claim for habeas relief.

Gaddis challenges a state habeas court's decisions concerning five prior state court convictions. (Doc. 3 at 1.) The convictions are all quite old. The most recent occurred on January 2, 2002. (*Id.* at 7.) Hence, he is likely foreclosed from challenging the convictions since any challenge would be subject to dismissal as untimely. *See* 28 U.S.C. § 2244(d)(1)

(setting a one-year statute of limitations applicable to habeas corpus petitions filed by state prisoners). In an apparent attempt to circumvent the time bar, he challenges instead a 2007 state habeas decision which addressed all five of the convictions. (Doc. 1; doc. 3.) This he cannot do, however, because "an alleged defect in a collateral proceeding does not state a basis for [federal] habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Carroll v. Sec'y DOC*, 574 F.3d 1354, 1365-66 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."); *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam) (same); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (noting that a valid petition must address claims related to the cause of petitioner's detention).

Were the Court to read Gaddis's petition as directly challenging the underlying convictions, it still fails. Under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, a prisoner must file separate petitions attacking judgments from different state courts. Here, Gaddis raises claims arising from convictions in the Chatham County State Court and Chatham County Superior Court.

(Doc. 3 at 5-7.) While both courts are physically located within Chatham County, the rule prohibits a petitioner from challenging multiple convictions imposed by more than one *specific* court, even though the courts may share the same geographic area of personal jurisdiction and have some concurrent subject matter jurisdiction. *Byrd v. Drew*, 2008 WL 4905548 at *1 (S.D. Ga. Nov. 12, 2008).

As noted above, Gaddis's motion to proceed *in forma pauperis* is **GRANTED**. However, since it plainly appears from the petition that Gaddis is not entitled to relief, his case should be summarily **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**SO REPORTED AND RECOMMENDED** this  29th  day of December, 2010.

/s/ G. R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA